UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> LILY WHITE GROUP LLC; ESSENSE RESTAURANT GROUP LLC; and KAY WASHINGTON and NANA ADDAQUAY, individuals, <br><br> Defendants. | CASE NO. <br> _____ <br><br><br><br><br><br><br><br><br><br> **COMPLAINT** <br> **(Injunctive Relief Sought)** |

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to §§ 16 and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter the "Act", to have Defendants Lily White Group LLC d/b/a Lily's Restaurant & Lounge ("Lily's"), Essense Restaurant Group LLC d/b/a Atlantis Restaurant & Lounge ("Atlantis"), and Nana Addaquay and Kay Washington (hereinafter referred to collectively as "Defendants") enjoined from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

A.  Defendant Lily White Group LLC d/b/a Lily's Restaurant & Lounge, at all times hereinafter mentioned, has been a Georgia limited liability company having a place of

1

business and doing business in Fulton County, Georgia, and, at all times hereinafter mentioned, operated a restaurant.

    B.    Defendant Essense Restaurant Group LLC d/b/a Atlantis Restaurant & Lounge, at all times hereinafter mentioned, has been a Georgia limited liability company having a place of business and doing business in Fulton County, Georgia, and, at all times hereinafter mentioned, operated a restaurant.

    C.    Defendant Nana Addaquay, doing business in Fulton County, Georgia, at all times hereinafter mentioned, acted directly or indirectly in the interest of Lily's and Atlantis in relation to their employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Addaquay owns both Lily's and Atlantis, makes major operational decisions for the restaurants, and hires restaurant personnel.

    D.    Defendant Kay Washington, doing business in Fulton County, Georgia, at all times hereinafter mentioned, acted directly or indirectly in the interest of Lily's and Atlantis in relation to their employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d). In particular, Washington oversees all daily operations for the restaurants, makes major operational decisions for the restaurants, and hires and manages restaurant personnel.

III

At all times hereinafter mentioned:

    A.    Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r);

    B.    Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A); and

        C.      In particular, Lily's and Atlantis are jointly managed and share employees.

IV

Since at least November 7, 2018, Defendants have willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate. Specifically, Defendants did not pay service staff $2.13 an hour, which would enable Defendants to claim a tip credit, did not pay employees (kitchen staff, for example) for two to three training days, and improperly deducted the cost of uniforms from employee pay.  29 U.S.C. § 203(m); 29 C.F.R. § 531.50, et seq.; 29 C.F.R. § 531.3(d).

V

Since at least November 7, 2018, Defendants have willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, Defendants did not pay employees an overtime rate of one and one-half times the regular rate and failed to combine the hours worked by employees at both Lily's and Atlantis.

VI

Since at least November 7, 2018, Defendants have willfully misclassified certain of their employees, including but not limited to kitchen staff, as exempt employees and have not paid them overtime, regardless of the number of hours worked per week. 29 C.F.R. § 541.100, et seq. During all relevant times, many of these employees regularly worked hours in excess of forty hours in a workweek.

VII

Since at least November 7, 2018, Defendants, employers subject to the provisions of the Act, have willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and regulations found at 29 C.F.R. § 516 by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed in the aforesaid regulations. In particular, Defendants failed to keep an accurate record of the hours worked by employees and the wages paid to employees.

VIII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.  Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees, and all persons in active concert or participation with them, from violating the provisions of §§ 6(a), 7(a) and 11(c) of the Act.

B.  Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action plus any time which has been tolled pursuant to agreement by the parties, and an additional equal amount as liquidated damages

to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

    C.  And for such other and further relief as may be necessary and appropriate including costs of this action.

    Respectfully submitted this 4th day of November 2022.

| | |
|---|---|
| ADDRESS: | SEEMA NANDA<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | TREMELLE I. HOWARD<br>Regional Solicitor<br><br>JEREMY K. FISHER<br>Counsel |
| Telephone:<br> (678) 237-0620<br> (404) 302-5438 (FAX) | By:/s/ *Cameron W. Ellis*<br> CAMERON W. ELLIS<br> Trial Attorney |
| Email:<br>Ellis.cameron.w@dol.gov<br>ATL.FEDCOURT@dol.gov | Office of the Solicitor<br>U.S. Department of Labor<br>Attorneys for Plaintiff. |

SOL Case Nos. 22-00141, 22-00142